UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BELINDA SOSERAY ROSSMAN, ) | CASE NO. 1:14 CV 650 |
| ) | |
| Plaintiffs, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On March 25, 2014, Plaintiff *pro se* Belinda Soseray Rossman filed this action under 42 U.S.C. § 1983 against the State of Ohio, Crawford County, Mid-Ohio Educational Services Center, Crawford County Job and Family Services, Steven Helbert, Michael Wiener, Geoffrey Stoll, Beth McGowan, Brandy Gandaert, Dustin Staffer, Kathy Zaita, Bobby Jo Carr, Holly Weir, and Shane Leuthold. Plaintiff alleges in the Complaint that she has been the subject of criminal investigations, and that she was separated from her children for a nine-month period. After the children were returned to her custody, there have been unscheduled home visits, as well as threats of imprisonment and foster care. The Complaint seeks an order from this Court to prevent contact by the Crawford County Court with the children's father, and to compel the Crawford County Prosecutor to provide discovery materials.

Plaintiff filed a Memo to Judge (ECF # 13) in this case on April 23, 2014, to which she

attached a Notice of Hearing from the Crawford County Juvenile Court - scheduled for May 14, 2014 - concerning custody of Plaintiff's children. The Memo reiterates her request for an order concerning discovery, and asserts it is unreasonable to compel her presence for the state court hearing. It also seeks an order from this Court providing Plaintiff an extension of time to prepare a defense in the Crawford County Juvenile Court.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). A party to an ongoing state action involving important state matters cannot disrupt the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir.1988). Based on these principles, abstention is appropriate if state proceedings are on-going, the state proceedings implicate important state interests, and the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

Abstention is required in this case. The issues presented are clearly the subject of the child custody matter pending in the Ohio court, and Plaintiff is asking this Court to exercise jurisdiction in that case. For this Court to do so would unduly interfere with the pending state court action. In addition, matters of child custody are of paramount state interest, See *Moore v. Sims*, 442 U.S. 415, 435 (1979); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir.1995); *Zak v. Pilla*, 698 F.2d 800 (6th Cir.1982); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.1981); *Parker v. Turner*, 626 F.2d 1 (6th Cir.1980).[1] Plaintiff has not set forth facts reasonably

---

[1] See also *Hughes v. Hamann*, No. 00–4132, 2001 WL 1356143 (6th Cir. Oct.25, 2001); *Myers v. Franklin County Court of Common Pleas*, No. 99–4411, 2001 WL 1298942 (6th Cir. Aug.7, 2001); *Jancuk v. Donofrio*, No. 97–4404, 1999 WL
(continued...)

suggesting the Ohio courts cannot or will not provide adequate opportunity for her to raise her constitutional claims. This Court is therefore required to abstain from assuming jurisdiction over the Crawford County Juvenile Court proceedings.

Accordingly, this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/29/14

---

[1](...continued)
313903 (6th Cir. May 4, 1999) (determining abstention to be appropriate for pending domestic relations matter); *Guess v. Hocking County Childrens Services Bd.*, No.95–4357, 1996 WL 434484 (6th Cir. Aug.1, 1996) (concluding that abstention was proper where Court of Common Pleas retained jurisdiction over child custody case); *Edwards v. Goldberg*, No. 84–1728, 1985 WL 12793 (6th Cir. Oct.7, 1985) (finding that principles of comity required the federal courts to abstain from addressing issues relevant to an on-going child support dispute).